The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT J. DIEDERICH, individually,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES - WASHINGTON d/b/a PROVIDENCE ST. PETER HOSPITAL; KEVIN HAUGHTON and JANE DOE HAUGHTON, and the marital community; MAGGIE MILLER and JOHN DOE MILLER, and their marital community; LISA JOHNSON and JOHN DOE JOHNSON, and their marital community; LOWELL DIGHTMAN and JANE DOE DIGHTMAN, and their marital community; GEOFF ANKENEY and JANE DOE ANKENEY, and their marital community; MICHAEL MATLOCK and JANE DOE MATLOCK, and their marital community; LORI VANZANTEN and JOHN DOE VANZANTEN, and their marital community; and JENNIFER PLAYSTEAD and JOHN DOE PLAYSTEAD, and their marital community,<br><br>Defendants. | No. CV -10-1558-RAJ<br><br>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS INDIVIDUAL DEFENDANTS<br><br>**Noted for Hearing:<br>December 23, 2011**<br><br>**No Oral Argument Requested** |

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT       1
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

## I.   INTRODUCTION

This lawsuit arises from Dr. Diederich's assertion that his employment in a residency program at Providence St. Peter Hospital was wrongfully terminated on September 12, 2008. Defendant Providence Health & Services – Washington, dba Providence St. Peter Hospital ("St. Peter Hospital" or the "Hospital") moves for partial summary judgment on plaintiff's Washington Law Against Discrimination Claims ("WLAD").  Defendants Kevin Haughton, Maggie Miller, Lisa Johnson, Lowell Dightman, Michael Matlock, and Jennifer Playstead (the "Individual Defendants")[1] also move to dismiss the WLAD claims, which are the only remaining claims in the lawsuit against them.  St. Peter Hospital and the Individual Defendants are all exempt from the WLAD as a matter of law and the WLAD claims should be dismissed.

## II.   FACTS

For purposes of this motion for summary judgment *only*, St. Peter Hospital and the Individual Defendants take the allegations as pleaded by plaintiff as true.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)[2]:

### A.   St. Peter Hospital.

Providence Health & Services is a Washington non-profit corporation affiliated with St. Peter Hospital as the sole corporate Member of Providence Health & Services-Washington. Complaint ¶ 2.  St. Peter Hospital is a full service hospital with 390 beds located in Olympia, Washington.  Declaration of Mary Mertens dated November 7, 2011 ("Mertens Decl."), ¶ 2. St. Peter Hospital is part of Providence Health & Services ("PHS"), a health care ministry of the Catholic Church sponsored by the Vatican.  Mertens Decl., ¶ 3 and Exhibit 1 (PHS mission

---

[1] There are two other individual defendants who have never been served, Lori Van Zanten and Geoff Ankeney.
[2] Defendants dispute certain alleged facts and reserve the right to contest plaintiff's factual allegations in future pleadings and at trial if necessary.

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT      2
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

statement, core values, and mission integration guidelines).  PHS's charter and mission statement reflect the Catholic Church's religious purpose and its Articles of Incorporation explicitly reflect its religious nature.  Mertens Decl., ¶ 4 -5 and Exhibit 2 (Articles of Incorporation).

St. Peter Hospital itself adheres to Providence's religious mission and purpose.  St. Peter Hospital includes a cross in its logo and it provides spiritual and pastoral care services to its patients.  *Id.* Plaintiff acknowledged St. Peter Hospital's religious mission and purpose when he signed a Residency Program Agreement, agreeing to "abide by the Ethical and Religious Directives of the Sisters of Providence."  Mertens Decl. ¶ 6 and Exhibit 3 (copies of plaintiff's Resident Agreements, dated April 20, 2007 and May 19, 2008); a copy of the Ethical and Religious Directives provided to plaintiff is attached to the Declaration of Boris Gaviria as Exhibit A.  A copy of plaintiff's signed Agreement to follow the Ethics and Religious Directives is attached to the Gaviria Decl. as Exhibit B.  St. Peter Hospital employs chaplains, has volunteer nuns working with patients and offers twice-daily prayers and weekly religious services.  Mertens Decl., ¶ 7.  St. Peter Hospital provided over $10 million in free and discounted health care services for patients in need in 2010.  Mertens Decl. ¶ 8 and Exhibit 4 (2010 Community Report).  St. Peter Hospital also provided over $1 million in community programs and services in 2010.  *Id*.  Employees at St. Peter are provided information regarding Providence's religious mission, its religious origins, and are informed about when and how to reach chaplains during orientation.  Mertens Decl. ¶ 9 and Exhibit 5 (orientation material excerpts).  As part of PHS, St. Peter Hospital also engages in "mission effectiveness," which seeks to relate the mission of the Sisters of Providence and the healing mission of Christ to the administration, departments, and staff at St. Peter Hospital.  Mertens Decl. ¶ 10 and Exhibit 6
DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT        3
DWT 17550593v1 0016924-000150
Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

(Providence Archives newsletter).

### B. Defendants Kevin Haughton, Lisa Johnson, Maggie Miller, Lowell Dightman, Michael Matlock, Kevin Haughton and Jennifer Playstead.

The Individual Defendants are all physicians who reside in Washington and were on the medical staff at Providence St. Peter Hospital during the time period referenced in the Complaint. Complaint ¶ ¶ 5-12. Kevin Haughton is alleged to be program director of the Providence Medicine Residency Program. Complaint ¶ 5. Lisa Johnson, Maggie Miller and Lowell Dightman are alleged to be faculty members of the Providence Medicine Residency Program. Complaint ¶ 6-7. Michael Matlock is alleged to be the Chief Medical Officer at Providence St. Peter Hospital. Complaint ¶ 9. Jennifer Playstead is alleged to be a family medicine physician at Providence St. Peter Hospital. Complaint ¶ 11.

### C. Plaintiff Robert J. Diederich.

Plaintiff Robert J. Diederich is a resident of King County, Washington. Complaint ¶ 1. He is a graduate of the University of Washington medical school. *Id*.

### D. Dr. Diederich's Employment at St. Peter Hospital.

Providence St. Peter Hospital accepted Dr. Diederich into its family medicine residency program in July 2007. Complaint ¶ 21. Dr. Diederich signed the Family Medicine Residency Program Agreement that included the essential requirements and standards for residents and identified the required educational progress to be made by residents. Complaint ¶ 88.

In December 2007, Dr. Diederich was placed on an academic assistance/remediation plan. Complaint ¶ 33. Dr. Diederich was elevated to Step 1 of the disciplinary process in February 2008. *Id*. Plaintiff alleges that these disciplinary actions were based on "baseless" charges of patient care issues raised by Dr. Miller, a faculty member of the residency program, and Dr. Haughton, the director of the residency program. Complaint ¶ 31, 38.

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT    4
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

On March 21, 2008, Dr. Diederich reportedly fell ill and left the Hospital. Complaint ¶ 43. Dr. Diederich was placed on probation on March 27, 2008. Complaint ¶ 49, 51-52. Dr. Diederich was removed from probationary status on May 15, 2008. Complaint ¶ 58. Dr. Diederich alleges that he was disciplined for lack of social skills in early August 2008. Complaint ¶ 75. In early September 2008, Providence allegedly "criticized" Dr. Diederich for leaving a baby in respiratory distress from pneumonia and mishandling the baby's admission. Complaint ¶ 78. On September 12, 2008, Providence terminated Dr. Diederich's employment and his participation in the residency program. Complaint ¶ 79.

**E.     Procedural History.**

Plaintiff filed the Complaint in King County Superior Court alleging seven causes of action on July 30, 2010. He did not serve Providence until September 1, 2010. Providence and the Individual Defendants removed the action to this Court on September 28, 2010. After Providence moved to dismiss, the Court entered an Amended Order on June 30, 2011, dismissing several of plaintiff's seven claims. Dkt. # 21. The Court dismissed four claims as to all defendants[3] and three claims as to the Individual Defendants.[4]

The following claims remain: (1) disability discrimination under the Americans With Disabilities Act[5] against Providence only; (2) age discrimination under the Age Discrimination in Employment Act against Providence only; and (3) age and disability discrimination under the WLAD against all defendants.

---

[3] The following claims were dismissed as to all defendants: (1) intentional interference in business prospects: (2) outrage: (3) wrongful termination in violation of public policy: and (4) antitrust.
[4] Plaintiff's claims of disability discrimination under Americans With Disabilities Act and age discrimination under Age Discrimination in Employment Act were dismissed as to the individual defendants.
[5] Plaintiff's Complaint does not identify this Act but merely states "federal laws against disability discrimination."

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT     5
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

### III.   ARGUMENT AND AUTHORITY

#### A.   Plaintiff's WLAD Claims Should Be Dismissed As to All Defendants.

Diederich's WLAD claims of age and disability discrimination have no merit because Providence St. Peter Hospital is exempt from the WLAD as a matter of law. The WLAD expressly exempts non-profit religious organizations from liability under the statute. According to the WLAD, an "employer" is "any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons, and does **not** include any religious or sectarian organization not organized for private profit . . ." RCW 49.60.040(3) (emphasis added). Thus, certain types of employers, such as small businesses and non-profit religious organizations, are not "employers" for purposes of RCW 49.60 and are not subject to the statute's provisions. St. Peter Hospital is a non-profit religious organization and is not subject to RCW 49.60.

An entity can establish that it is an exempt religious organization by pointing to its affiliation, stated purpose and related data. *Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 677, 807 P.2d 830, 839 (1991); *Hazen v. Catholic Credit Union*, 37 Wn. App. 502, 503-05, 681 P.2d 856, 857-858 (1984). In *Farnam*, the Washington Supreme Court identified the following factors as indicia of exemption under RCW 49.60:  (1) the organization is affiliated with a particular church; (2) the articles of incorporation, bylaws, and related documents express a religious purpose; (3) brochures express a religious purpose; (4) the organization was founded by members of a particular religion; (5) the directors must belong to a particular religion; (6) employee manuals and related documents express a religious purpose; (7) the organization employs members of the clergy; and (8) the organization conducts prayer services or provides religious counseling. *See Farnam*, 116 Wn.2d at 677-78, 807 P.2d at 839; *Hazen*, 37 Wn. App.

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT   6
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

at 503-05, 681 P.2d at 857-858.  The undisputed facts demonstrate that St. Peter Hospital qualifies as an exempt, non-profit religious organization under this test.

Providence Health & Services is a non-profit corporation that owns and oversees a variety of health care ministries, including Providence St. Peter Hospital, as part of its mission to continue the healing ministry of Jesus Christ in the world of today, with special concern for those who are poor and vulnerable.  It is a non-profit corporation operated exclusively for religious, charitable, educational and scientific purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.  Mertens Decl., Exhibit 2.  PHS is a not-for-profit Roman Catholic organization sponsored by the Vatican.  *Id*.  PHS's charter and mission reflect the Catholic Church's purpose and its Articles of Incorporation explicitly reflect its religious nature.  *Id*.  Where a health care facility is run by a religious organization, there is no need to determine whether the facility itself qualifies for the exemption.  A parent organization's status applies to its facilities.  *Farnam*, 116 Wn.2d at 677.

Moreover, Providence St. Peter Hospital's specific mission and operations reflect its religious purpose.  At the Hospital, there are weekly religious services, pastoral counseling, the logo for the organization includes a cross, and the Hospital conforms to guidelines established by the Catholic Church.  Mertens Decl., ¶ 7.  The Hospital also provided over $11 million in free and discounted healthcare to the needy and for community programs in 2010.  Mertens Decl., ¶ 8 and Exhibit 4.  Information regarding the Hospital's religious origins and mission are provided to employees and staff at the Hospital on a regular basis. Mertens Decl., ¶¶ 9-10.  In his residency contracts for both 2007 and 2008, Dr. Diederich expressly agreed that he would abide by "the Ethical and Religious Directives of the Sisters of Providence."  *See* Mertens

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT          7
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

Exhibit 3 and Gaviria Exhibit B.  Both PHS and Providence St. Peter Hospital are exempt from WLAD as a matter of law.

### B. Religious Exemption is Constitutional.

It is noteworthy that every reported decision in Washington State has held that the exemption for religious organizations is constitutional.  Most recently, the Washington Court of Appeals upheld the constitutionality of the religious exemption in the WLAD in 2010, finding that it did not violate the equal protection clause of the Fourteenth Amendment.  *Erdman v. Chapel Hill Presbyterian Church*, 156 Wn. App. 827, 234 P.3d 299 (2010).  Three additional published Washington state decisions have each upheld the religious organization exemption.  *Farnam*, 116 Wn.2d at 677 (Washington Supreme Court affirmed exemption and developed factors to consider in evaluating religious organizations); *City of Tacoma v. Franciscan Foundation*, 94 Wn. App 663, 669, 972 P.2d 566 (1999) (Tacoma ordinance invalidated because it failed to exempt nonprofit religious employers); and *Hazen*, 37 Wn. App. at 503-505 (credit union without organizational, structural or financial ties to the Roman Catholic Church is not exempt from the WLAD).  Finally, in *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1087-1088 (9th Cir. 2006), the Ninth Circuit recognized the WLAD exemption for religious organizations.[6]

### C. The Individual Defendants are not Liable under the WLAD.

Plaintiff's WLAD claims against the Individual Defendants fail because the WLAD only provides for individual liability for persons acting in the interest of an "employer" as that term is defined by the WLAD.  RCW 49.60.040 (11).  The definition of employer under the WLAD "does not include any religious or sectarian organization not organized for private

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT — 8
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

profit." As explained above, St. Peter Hospital is a non-profit religious organization and does not meet the definition of "employer" under the WLAD. RCW 49.60.040 (11). The Individual Defendants did not act in the interest of an "employer" as defined by the WLAD and are not subject to liability. Plaintiff's WLAD claims against them should be dismissed.

In addition, there is an independent basis for dismissing the WLAD claims against Drs. Dightman, Playstead, and Matlock. There are no specific allegations made against them in the Complaint that could support any WLAD claim. The sole claim against these defendants is that they served on the Hospital's appellate review board that upheld the decision to terminate plaintiff. Complaint ¶ 101. There were no allegations in the Complaint that Drs. Dightman, Playstead, and Matlock made comments or took any actions based on plaintiff's age or alleged disability. There is no possible basis for liability against Drs. Dightman, Playstead, and Matlock under the WLAD and therefore dismissal is appropriate on that basis as well.

## IV.   CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court dismiss plaintiff's WLAD claims against St. Peter Hospital and dismiss the Individual Defendants from the suit as the only remaining claims against them are under the WLAD.

---

[6] 457 F.3d at 1085. In *MacDonald*, the Ninth Circuit declined to consider plaintiff's constitutional objection, finding that the issue was improperly raised for the first time on appeal. 457 F.3d at 1086.

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT     9
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 ·Fax: (425) 646-6199

1     DATED this 1st day of December, 2011.

2                                          Davis Wright Tremaine LLP
                                           Attorneys for Defendants Providence Health &
3                                          Services - Washington dba Providence St. Peter
                                           Hospital, Kevin Haughton, Maggie Miller, Lisa
4                                          Johnson, Lowell Dightman, Michael Matlock and
                                           Jennifer Playstead

5

6                                          By /s/Paula L. Lehmann
                                              Paula L. Lehmann, WSBA #20678
7                                             Boris Gaviria, WSBA #31251
                                              777 108th Avenue NE, Suite 2300
8                                             Bellevue, WA  98004-5149
                                              Telephone:  (425) 646-6100
9                                             Fax:  (425) 646-6199
                                              Email:  paulalehmann@dwt.com
10                                            Email:  borisgaviria@dwt.com

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT     10

DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington  98004
(425) 646-6100 ·Fax: (425) 646-6199

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cleveland Stockmeyer PLLC        Email: cleve@clevelandstockmeyer.com

_____
Lynn Michel

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT         11
DWT 17550593v1 0016924-000150

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE · Suite 2300
Bellevue, Washington 98004
(425) 646-6100 · Fax: (425) 646-6199