HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT J. DIEDERICH,<br><br>    Plaintiff,<br><br>    v.<br><br>PROVIDENCE HEALTH & SERVICES – WASHINGTON d/b/a PROVIDENCE ST. PETER HOSTPITAL, et al.,<br><br>    Defendants. | CASE NO. C10-1558 RAJ<br><br>ORDER DENYING RECONSIDERATION |

This matter comes before the court on *pro se* plaintiff Robert Diederich's motion for reconsideration. Dr. Diederich moves the court to reconsider its order granting counsel's motion to withdraw as attorney.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. CR ("LCR") 7(h)(1).

Dr. Diederich argues that the court committed manifest error (1) in concluding that both sides have lodged very public, personal attacks on each other and that forcing Mr. Stockmeyer to continue to represent Dr. Diederich in the face of the personal attacks from each side would result in a miscarriage of justice, and (2) in noting that "Mr.

ORDER DENYING RECONSIDERATION– 1

Stockmeyer also claims that Dr. Diederich insists upon taking action with which he has a fundamental disagreement." Dkt. # 112.  Dr. Diederich has failed to demonstrate that the court committed manifest error.  The court will not engage in a mini-trial to determine which attacks are true and which are false.  The fact that both sides have launched the attacks, whether or not they are true, demonstrates a fundamental break down in the attorney-client relationship and provides the court good cause for the withdrawal.

Dr. Diederich also attempts to include new facts that he readily admits were available earlier.  Even if the court considered these new facts, they also underscore why the court has good cause to allow withdrawal.

Dr. Diederich also argues for relief pursuant to Rule 60(b).  Fed. R. Civ. Proc. 60(b).  However, no judgment has been entered and Mr. Stockmeyer is not a "party" for purposes of Rule 60(b).

The court set July 22, 2013 as the new trial date to allow Dr. Diederich sufficient time to engage a new attorney.  Additionally, the court's heavy docket does not allow an earlier trial date.

For all the foregoing reasons, the court DENIES Dr. Diederich's motion for reconsideration. Dkt. # 116.

DATED this 27th day of December, 2012.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER DENYING RECONSIDERATION– 2