**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. DIEDERICH, individually, | No.    17-35031 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 10-cv-01558-RAJ |
| PROVIDENCE HEALTH & SERVICES, DBA Providence Health & Services-Washington, DBA Providence St. Peter Hospital, a Washington corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 10, 2018**
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,*** Senior
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-appellant Robert Diederich graduated from the University of Washington Medical School in 2004 and entered the family practice medical residency program at Swedish Hospital in Seattle. He took medical leave from the program in 2005 and was fired shortly thereafter. He then sued Swedish Hospital and the program director, Dr. Samuel Cullison, for discrimination based on disability, and the lawsuit settled in 2006. In 2007, Diederich began his residency at Providence Hospital in Olympia, Washington. He was fired on September 12, 2008, and that termination was affirmed by a hospital appeals board. Diederich brought suit against Providence and several individual defendants who supervised him at the hospital or played a role in his termination. The only claim that went to trial was Diederich's allegation that defendants terminated him in retaliation for bringing a discrimination lawsuit against Swedish Hospital in violation of the Washington Law Against Discrimination.

The district court held a five-day trial on this issue. The verdict form first asked the jury the following question, once for each individual defendant: "Did Plaintiff prove by a preponderance of the evidence that [the individual defendant] knew of Plaintiff's lawsuit against Swedish Hospital during his residency at Providence?" The jury checked "No" for each defendant and therefore did not reach the remaining questions.

2

Diederich appeals several evidentiary rulings by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Evidentiary rulings are reviewed for abuse of discretion, though we review the district court's construction of the Federal Rules of Evidence de novo. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014). Erroneous rulings are then subject to harmless error review, under which the beneficiary of the error has the burden of showing that it is more likely than not that the jury would have reached the same verdict in the absence of the error. *Id.* at 464-65.

1.     First, the district court granted Providence's motion in limine to exclude supposed evidence of how other residents who had committed errors had been treated differently from Diederich. As the district court noted, such evidence would lead to "mini-trials" about those residents' conduct. Furthermore, in his briefing on the motion in limine, Diederich failed to adduce any evidence of any specific similarly situated resident who was treated differently, instead arguing generally that this category of evidence would be relevant. The time to determine whether any other resident was similarly situated was before trial, when the district court could make a determination on that issue without risk of confusing the jury. But Diederich offered no details or evidence on that score. The district court thus did not abuse its discretion in barring Diederich from eliciting testimony about unknown mistakes by other unknown residents and their unknown treatment.

3

2.      Second, the district court barred the defendant from testifying about certain individual defendants yelling at him for leaving the hospital while he was ill in March 2008. Diederich contends that the excluded testimony would have supported his assertion that he "was punished for taking sick leave and for complaining about its denial," and not, as the appeals board found in its report, for failing "to hand off patients before leaving the facility ill." Excluding this testimony was not an abuse of discretion. Taken most favorably to Diederich, the excluded evidence suggested that Diederich was fired because he left when he was sick, not because he brought a lawsuit against his previous employer, and Diederich's claim was premised on the latter theory. If admitted, therefore, the evidence, even if tangentially relevant, would have confused the jury by raising alternate legal theories that were not at issue in this case.

3.      Last, Diederich objects to the admission of an attachment to his settlement agreement with Swedish Hospital that he contends included improper character evidence. Among the terms of that settlement was an agreement that Cullison would follow a particular script when contacted for references for Diederich. That script was attached to the agreement and contained both positive and negative reviews, including a short list of general problems that Diederich had at Swedish Hospital that led to his termination. It is unclear whether the exhibit was covered by the district court's in limine ruling, and Diederich did not object to

4

its admission at trial. Moreover, Diederich opened the door to this evidence by discussing the positive reviews in this script in his opening statement. The district court did not err.

4.      Even assuming the district court erred with regard to the asserted evidentiary rulings, any error was harmless. The jury found that no individual defendant knew about the prior lawsuit, and the evidence contested on appeal had nothing to do with that conclusion.

**AFFIRMED.**